IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GREGORY DENIS TRUETTE, No. 05884-017　　　　　　　　　　　　PETITIONER

VERSUS　　　　　　　　　　　　CIVIL ACTION NO.  5:12-cv-101-DCB-RHW

ARCHIE B. LONGLEY, Warden　　　　　　　　　　　　　　　　　RESPONDENT

<u>ORDER</u>

　　　This cause comes before this Court on Petitioner's Motion [4] for Temporary Restraining Order (TRO) and Preliminary Injunction.  As discussed below, the Court has considered Petitioner's motion [4], as well as the applicable law, and finds that Petitioner's request for a preliminary injunction and TRO are denied.

　　　Petitioner is requesting in the instant motion [4] for the respondents to be issued a temporary restraining order "restraining Respondents from transferring or relocating Petitioner ... pending the hearing and determination of Petitioner's request for a preliminary injunction" or "the final hearing and determination of his 2241 habeas corpus" and "restraining Respondents from all retaliatory actions against Petitioner."

　　　In order to receive a temporary restraining order (TRO) or preliminary injunction, Petitioner must prove (1) a substantial likelihood of success on the merits of his case; (2) a substantial threat that failure to grant the order will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause defendants; and (4) the injunction will not have an adverse affect on the public interest.  <u>Women's Med. Ctr. v. Bell</u>, 248 F.3d 411, 418-420 (5th Cir. 2001); <u>Lakedreams v. Taylor</u>, 932 F.2d 1103, 1107 (5th Cir. 1991).  Each of the requirements must be satisfied because if any one of them is not, then it will result in the denial of the request for a preliminary injunction.  <u>Enterprise Intern.,Inc. v.</u>

Corporation Estatal Petrolear Ecuatoriana, 762 F.2d 464, 472 (5th Cir. 1985).

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion.'" Black Fire Fighters Ass'n v. City of Dallas, Texas, 905 F.2d 63, 65 (5th Cir. 1990) (quoting Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 997 (5th Cir. 1985)).  The granting or denial of a motion for a preliminary injunction rests in the sound discretion of the trial court.  Lakedreams v. Taylor, 932 F.2d 1103 (5th Cir. 1991) (citing Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386 (5th Cir. 1984)).  The primary justification for applying this remedy is to preserve the court's ability to render a meaningful decision on the merits.  Canal Authority of State of Florida v. Callaway, 489 F.2d 567, 572 (5th Cir. 1974).

Having considered the instant motion [4], this Court finds that Petitioner fails to present facts to support his claim that there is a substantial threat of irreparable injury. The claims asserted by the Petitioner of a substantial threat of irreparable injury are merely conclusory and do not establish that Petitioner is entitled to the extraordinary remedy of injunctive relief. Accordingly, it is

ORDERED that Petitioner's motion [4] is **denied** without a hearing.

This the 27th day of August, 2012.

    s/David Bramlette
UNITED STATES DISTRICT JUDGE